IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | |
|---|---|
| MARSHAL JENKINS,<br><br>    Plaintiff,<br><br>vs.<br><br>DAVID MICHAEL CONSTRUCTION LLC d/b/a DM CONSTRUCTION SERVICES, and MARIO AVERSANO, Individually,<br><br>    Defendants. | Case No.: |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, MARSHAL JENKINS ("Mr. Jenkins," or "Plaintiff") sues Defendants DAVID MICHAEL CONSTRUCTION LLC d/b/a DM CONSTRUCTION SERVICES, ("DMS"), and MARIO AVERSANO, individually ("Mr. Aversano") (collectively "Defendants"), and states:

**NATURE OF ACTION**

1. This action is for unpaid overtime compensation arising under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA").

**PARTIES**

2. At all times material hereto, Plaintiff was a resident of Lee County, Florida, in the Middle District of Florida.

3. DMS was, and continues to be, a Florida limited liability company, engaged in the transaction of business in Lee County, Florida, with its principal place of business located at 1448 SE 20th St., Cape Coral, FL 33990.

4. Defendant, Mr. Aversano, was, at all times material, the Manager of DMS. Upon information and belief, Mr. Aversano is a resident of Lee County, Florida.

## JURISDICTION AND VENUE

5. The Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this action arises under the FLSA.

6. Defendants are engaged in the business of providing construction services in Lee County. Defendants' business activities within this judicial district are substantial and not isolated.

7. The Middle District of Florida is the proper venue for this action because the events giving rise to the claim occurred in the judicial district.

## FLSA COVERAGE

**I.  Enterprise Coverage**

8. At all times material to this action, within the meaning of the FLSA, Defendants were Plaintiff's "employer" and Plaintiff was an "employee" of Defendants.

9. At all times material, Defendants employed at least two or more employees who handled, sold, or otherwise worked with goods or materials moved through interstate commerce, including, but not limited to, vehicles, tools and equipment, and also communicated with out-of-state customers. Plaintiff's services were used directly in furtherance of Defendants' commercial activities.

10. At all times material, Defendants had gross sales volume of at least $500,000.00 annually.

11. At all times material, Defendants were and continue to be an "enterprise engaged in commerce" within the meaning of the FLSA.

## II. Individual Coverage

12. The FLSA individually covers Plaintiff because he was "engaged in commerce." Specifically, a substantial portion of Plaintiff's duties required communication with out-of-state customers, vendors, and suppliers. Plaintiff also regularly and recurrently used goods that traveled through interstate commerce to perform his work.

13. At all times material hereto, the work performed by the Plaintiff was essential to the business conducted by Defendants.

## III. Individual Liability – Defendant Mr. Aversano

14. At all times material hereto, Mr. Aversano was the Manager of DMS.

15. At all times material, Mr. Aversano regularly held and/or exercised the authority to hire and fire employees, to determine the work schedules for the employees, and to control the finances and operations of DMS.

16. By virtue of having held and/or exercised the authority to: (a) hire and fire employees; (b) determine the work schedules for the employees; and (c) control the finances and operations of DMS, Mr. Aversano is an employer as defined by 29 U.S.C. § 201, et. seq.

## FACTS

17. DMS is a residential and commercial contractor doing business in Southwest Florida.

18. DMS is owned and qualified by David Manuel Candelaria, License Number CGC1535031. However, at all times material to this Complaint, DMS was operated and managed by Defendant Aversano.

19. Defendants hired Plaintiff in or about September 2023 as a laborer at $22 per hour. Within weeks, Defendants promoted Plaintiff to "foreman," and increased his pay per hour to $24. Plaintiff remained in this position until his termination in July 2024.[1]

20. Plaintiff's primary duty as a laborer and as a "foreman" was to perform the manual labor on Defendants' customers' homes. These projects were typically high-end residences managed by vacation rental businesses.

21. Plaintiff's work typically began with a 6:30 a.m. phone call from Defendant Aversano lasting 20 to 30 minutes. On this call, Plaintiff would be told where to report for the day and what work to accomplish. Plaintiff's day would typically end when he left the last job site between 6 to 7 PM, although he often worked late into the night at times.

22. Plaintiff worked Monday through Saturday, with some Sundays as well.

23. On average, Plaintiff worked 70 hours per week.

---

[1] Plaintiff resigned for a period of a few months in early 2024, but is not positive of the exact dates.

24. Plaintiff was instructed by Defendant Aversano to record his time when he arrived at the first job site and only the time spent working at the jobsites. Plaintiff was not permitted to record his time working in the morning when he was on the call with Mr. Aversano or travel between jobsites throughout the day.

25. Plaintiff was paid straight time for the hours he was permitted to record. Defendants' payroll, controlled by Defendant Aversano, was frequently inaccurate, and Plaintiff had to follow up repeatedly to correct errors.

26. Although Plaintiff was required, permitted, or encouraged to work more than forty hours per week, he was not paid overtime.

27. In July 2024, Plaintiff complained about the lack of overtime pay and the recurring pay discrepancies. Another worker threatened to sue upon hearing Plaintiff's complaints, and, as a result, Defendant Aversano confronted Plaintiff about raising the pay issues and terminated him.

## STATEMENT OF CLAIM

### COUNT I
### VIOLATION OF 29 U.S.C. § 207 (UNPAID OVERTIME)

28. Plaintiff realleges Paragraphs 1 through 27 as if fully stated herein.

29. Plaintiff worked more than forty (40) hours in one or more workweeks during his employment.

30. Defendants failed or refused to compensate Plaintiff overtime wages calculated at 1.5 times the regular rate for all hours worked.

31. Defendants violated 29 U.S.C. § 207 of the FLSA by failing to pay overtime wages to Plaintiff.

32. Defendants knew its policy and practice for Plaintiff's compensation violated the FLSA overtime provisions. Defendants also acted willfully or with reckless disregard of the FLSA because Defendants knew its practice violated the law and continued implementing the unlawful practice. Despite the actual knowledge, Defendants failed to pay Plaintiff overtime compensation as required by the FLSA. And when he complained about his pay, Plaintiff was terminated.

33. Pursuant to 29 U.S.C. 216 (b), Plaintiff seeks unpaid overtime compensation plus liquidated damages in an equal amount.

WHEREFORE, Plaintiff respectfully requests the following relief:

    a. A declaration that Defendants have violated the overtime provisions of 29 U.S.C. § 207,

    b. Unpaid overtime compensation,

    c. Liquidated damages,

    d. Attorney fees and costs pursuant to 29 U.S.C. § 216(b), and

    e. Any other relief this Court deems to be just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as of right.

Dated: October 8, 2025          Respectfully Submitted,

/s/ Jason L. Gunter
Jason L. Gunter
Fla. Bar No. 0134694
Email: Jason@GunterFirm.com
Conor P. Foley
Fla. Bar No. 111977
Email: Conor@GunterFirm.com
Peter M. Jennings
Fla. Bar No. 1054512
Email: Peter@GunterFirm.com

**GUNTERFIRM**
2165 W. First St., #104
Fort Myers, FL 33901
Tel: 239.334.7017